MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenyard L. Daniel, | No. CV 07-1564-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Respondent. | |

On July 30, 2007, Petitioner Kenyard L. Daniel, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* Petition for a Writ of Habeas Corpus (Doc. #1). For multiple reasons, this case will be dismissed without prejudice.

**I.     Failure to Pay Filing Fee**

Section 1914(a), 18 U.S.C., establishes a $5.00 filing fee for applications for a writ of habeas corpus. Rule 3.5(b) of the Local Rules of Civil Procedure (LRCiv) requires that "[i]f a habeas corpus petitioner desires to prosecute the petition *in forma pauperis*, the petitioner shall file an application to proceed [*in forma pauperis*] on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(b) also requires payment of the $5.00 filing fee

1 if a petitioner has more than $25.00 in his inmate account.  Petitioner has not paid the $5.00
2 filing fee or filed an Application to Proceed.

## II.     Failure to File on Court-Approved Form

Pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, Petitioner is required to use a court-approved form when he files a *pro se* habeas corpus petition.  Petitioner has not done so.

## III.    Relief Unavailable Under 28 U.S.C. § 2254

Petitioner is a pretrial detainee.  Relief is therefore unavailable pursuant to 28 U.S.C. § 2254, which requires that a person be in custody pursuant to a judgment of a State court.

## IV.    Relief Unavailable Under 28 U.S.C. § 2241 – Failure to Exhaust State Remedies

Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the constitution or laws and treaties of the United States. "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). Petitioner asserts that he has motions pending before the state trial court.  Accordingly, Petitioner has not exhausted his state remedies before bringing this habeas corpus action.

## V.     Younger Abstention

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. Carden, 626 F.2d at 84 (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case

1  concluded in the state courts." Id. at 83-84 (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th
2  Cir. 1972)).

3  Petitioner has failed to show special or extraordinary circumstances indicating that he
4  will suffer irreparable harm if this Court abstains from hearing his claims until after he has
5  presented his claims to the state courts. See Younger, 401 U.S. at 45-46; Carden, 626 F.2d
6  at 83-84. This Court therefore will abstain from interfering in Petitioner's ongoing state-
7  court criminal proceedings.

**VI.   Lack of Personal Jurisdiction**

A petitioner for habeas corpus relief under § 2254 or § 2241 must name as the respondent to the petition the officer having custody of him. Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Typically, this person is the warden of the institution where the petitioner is incarcerated. "Failure to name the petitioner's custodian as a respondent deprives the federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner has named the State of Arizona as Respondent. The State of Arizona, however, is not the proper respondent. Thus, the Court lacks jurisdiction over this case.

**VII.  Dismissal Without Prejudice**

The Petition and this action will be dismissed without prejudice. Petitioner may file another petition in a new habeas corpus action after all state criminal proceedings are completed and available state judicial remedies are exhausted. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

. . . .

. . . .

. . . .

. . . .

- 3 -

1   **IT IS ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1)
2 and this action are **dismissed without prejudice**. The Clerk of Court will enter judgment
3 accordingly.
4   DATED this 21st day of August, 2007.

_____
David G. Campbell
United States District Judge